UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Terrence T. Haggins** (*aka Terrence Tiran Haggins*), #247777, | ) C/A No. 4:07-931-HMH-TER )  ) |
| Plaintiff, | ) )REPORT AND RECOMMENDATION |
| vs. | ) ) |
| **NFN Burt**, Warden of Lieber C.I., in his individual capacity; | ) ) |
| **NFN Boyd**, Lieber C.I. Classification, in her individual capacity; | ) ) |
| **Deborah Rowe**, Lieber C.I. Disciplinary Hearing Officer, in her individual capacity; | ) ) |
| **Franklin Jones**, Sgt., Lieber C.I., in his individual capacity; | ) ) |
| **NFN Fuller**, Officer, Lieber C.I., in his individual capacity; | ) |
| **Charles Rodgers**, Officer, Lieber C.I., in his individual capacity; | ) ) |
| **NFN Jenkins**, Lieber C.I. Grievance Coordinator, in her individual capacity; and | ) ) |
| **NFN Williams**, Officer, Lieber C.I., in his individual capacity, | ) ) ) |
| Defendants. | |

_____

On August 6, 2007, plaintiff filed a motion entitled "Motion for Order to Transfer Plaintiff." (Document #46). In this motion, plaintiff requests that he be moved from Lieber Correctional Institution alleging "nothing has been done to guarantee the safety of plaintiff who is now subject to harassment, retaliation, false charges, and materials being placed in his food." Plaintiff alleges that grits were placed in his food and he was missing two food items at dinner while everyone else had a full meal. Plaintiff asserts that moving assaulted officers from the SMU area where he is

housed "does not end his exposure to attacks, harassment, and false charges by correctional officers because other officials may still carry out their orders." Furthermore, plaintiff asserts that based on SCDC policy Op-21.04, plaintiff "is to be transferred if he has assaulted an SCDC employee. Failure of prison authorities to follow their own rules would, in itself, violate this clause." (Document #46). Plaintiff requests that "This Court grant this motion which would prohibit defendants from unnecessary acts as mentioned in this motion and future acts to subject plaintiff's well-being to serious unnecessary and unremarkable harm." (Document #46). Plaintiff attached an affidavit of inmate Eugene Daniels who attests that Daniels slipped and fell in his cell on July 2, 2007, hitting his neck on the sink. Daniels attest that he could not move so other inmates started calling the office. Daniels avers that Sgt. Manigault came to his cell and asserted he knew Daniels was faking and he was not going to call medical. Daniels attests that he heard plaintiff state to Sergeant Manigault that he needed to inform medical that Daniels had fallen and could not get up. Daniels attests that Sergeant Manigault instructed plaintiff to be quiet or he would spray him with chemical munition. Daniels asserts he later heard mace and plaintiff kept calling for the Lieutenant. Daniels then asserts he heard the movement team come and take plaintiff to the 4-point restraint chair. Plaintiff also attached copies of requests to staff about being moved from assaulted officers. The response was "you are not in danger from staff if you do not assault them." Plaintiff also submitted a copy of the incident report where he was maced, and an affidavit of inmate Keith Brown. Brown attests that plaintiff is in the cell beside his and that Officer Williams sprayed plaintiff with mace on June 18, 2007, because plaintiff was requesting to speak to a corporal or sergeant about being denied debit and law forms by Officer Williams. Brown attests that plaintiff was then seen by a nurse.

In summary, plaintiff asserts he is being subjected to harassment, retaliation, false charges,

and material being placed in his food or being denied some of his food. Plaintiff also claims he was maced without just cause and that he has submitted more than one hundred (100) request to the Warden about his safety, without receiving an appropriated response. Plaintiff contends that he is housed in SMU for assaulting two officers but is around these officers in violation of SCDC's own policy which requires plaintiff to be transferred if he has assaulted an SCDC employee. Plaintiff asserts this failure to follow their own rules violates his constitutional rights.

Defendants filed a response in opposition arguing plaintiff has failed to bear his burden of establishing the factors for injunctive relief. Defendants argue plaintiff has not shown that irreparable harm would come to him if he were not transferred out of Lieber Correctional Institution (LCI). Defendants contend that plaintiff's claims of missing two food items would not cause irreparable harm even if true. Defendants also attached the affidavits of Officer Charles Rodgers and Bryan Williams stating that defendant Williams only employed mace on February 20, 2007, after defendant Rodgers was attacked by plaintiff. However, defendants assert that even if plaintiff's claims were true, he does not show that actual harm would come to him and that he is in immediate danger. Defendants further contend that plaintiff's argument that being housed around the Officers he assaulted is against SCDC policy, does not put him in immediate danger, and that there is no constitutional right in seeing that state actors follow their own policies. Defendants argue plaintiff has not shown that he would be in danger if he is not transferred.

In response, plaintiff asserts he has been denied grievances, and attached several statements from other inmates who assert inmates are maced and taken to the restraint chair without being allowed to wash first and there are problems with the grievance system. Plaintiff also attached copies of several inmate grievance forms and/or requests to staff.

The undersigned is treating this motion for an order of transfer as a motion for injunctive relief. The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979). See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994).

The two most important factors are probable irreparable injury to the plaintiff if the relief is not granted and the likelihood of harm to the defendants if the injunction is granted. North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750.

To satisfy case or controversy requirement of Article III, plaintiff must show a personal threat of ongoing or future harm, the likelihood that the wrongful behavior will occur or continue, and that the threatened injury is impending. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528 U.S. 167, 190 (2000); see also City of Los Angeles v. Lyons, 461 U.S.95, 101-102 (1983) (plaintiff must face real and immediate threat of future injury).

Plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to

cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

As noted, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Granting plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Importantly, the plaintiff has not shown or provided any evidence that he is currently subject to a real and immediate threat of physical harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983). Plaintiff alleges that he has been maced for no apparent reason and, on one day, had grits put in his food and had two items missing from his dinner tray. Defendants submitted affidavits from the officers stating plaintiff was maced on February 20, 2007, for assaulting one of the officers. Plaintiff attached copies of the incident report from the macing and placement in the restraint chair on July 2, 2007, which states plaintiff was exhibiting disruptive behavior, failed to obey commands to stop, and spit on the officer. It reveals plaintiff was charged with threatening to inflict harm. (Incident report dated July 2, 2007, attached to plaintiff's motion). Even though plaintiff has alleged harassment and that he was maced for no apparent reason, he has not alleged an actual injury and has failed to make a sufficient showing of a current real and immediate threat of physical harm. In addition, plaintiff has failed to make a sufficient showing of a likelihood of success on the merits. Furthermore, a prisoner has no due process right to be housed in any particular facility. Meachum v. Fano, 427 U.S. 215, 223-24 (1976). Therefore, it is recommended that plaintiff's motions for an Order to Transfer should be DENIED (Documents #46).


                                    Respectfully submitted,

                                    s/Thomas E. Rogers, III
                                    Thomas E. Rogers III
October 23, 2007                      United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page**