IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Terrence T. Haggins, | ) | |
| aka Terrence Tiran Haggins, #247777, | ) | |
| | ) | |
| Plaintiff, | ) | CA No. 4:07-931-HMH-TER |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| NFN Burt, Warden of Lieber C.I., in | ) | |
| his individual capacity; NFN Boyd, | ) | |
| Lieber C.I. Classification, in her | ) | |
| individual capacity; Deborah Rowe, | ) | |
| Lieber C.I. Disciplinary Hearing Officer, | ) | |
| in her individual capacity; Franklin | ) | |
| Jones, Sgt., Lieber C.I., in his individual | ) | |
| capacity; NFN Fuller, Officer, Lieber | ) | |
| C.I., in his individual capacity; | ) | |
| Charles Rodgers, Officer, Lieber C.I., | ) | |
| in his individual capacity; NFN | ) | |
| Jenkins, Lieber C.I. Grievance | ) | |
| Coordinator, in her individual | ) | |
| capacity; and NFN Williams, Officer, | ) | |
| Lieber C.I., in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1]  Terrence Haggins ("Haggins"), a state prisoner proceeding pro se, brings this action pursuant to 42 U.S.C.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

§ 1983. Haggins' action is based upon allegations of cruel and unusual punishment, deliberate indifference, and due process violations. On August 6, 2007, Haggins filed a motion entitled "Motion for Order to Transfer Plaintiff" seeking a transfer from Lieber Correctional Institution ("Lieber"), where he is currently incarcerated, to another institution. In his Report and Recommendation, Magistrate Judge Rogers construes Haggins' motion as a motion for injunctive relief and recommends denying the motion.

## II. Factual and Procedural Background

Haggins alleges that Defendant NFN Williams "has more than once maced him for no just cause" and that he had "grits in his food" and was "missing two food items while every one else had a full meal." (Pl.'s Mem. Supp. Mot. Inj. Relief 1-2.) In addition, Haggins asserts that because he has been accused of assaulting prison officials, South Carolina Department of Corrections ("SCDC") guidelines require that he be transferred to another institution. (Id. 2.) In sum, Haggins claims that a transfer is warranted because he "is now subject to harrassment, retaliation, false charges, and materials being placed in his food." (Id. 1.)

## III. Discussion of Law

### A. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Haggins filed objections to the Report and Recommendation. The majority of Haggins' objections were non-specific, unrelated to the dispositive portions of the recommendation, or merely restated his claims. However, the court was able to glean one specific objection.

### B.  Preliminary Injunction

The Magistrate Judge recommends denying Haggins' motion for a preliminary injunction because he cannot demonstrate a likelihood of success on the merits or irreparable harm. See Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997) (stating that to obtain a preliminary injunction, a court must consider: (1) plaintiff's irreparable injury if the interim relief is denied, (2) injury to defendants if an injunction is issued, (3) plaintiff's likelihood of success on the merits, and (4) the public interest). Haggins objects to the Magistrate Judge's finding that he cannot demonstrate irreparable harm if his motion for transfer is denied.

"[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." Federal Leasing, Inc. v. Underwriters at Lloyd's, 650 F.2d 495, 499 (4th Cir. 1981). Further, "absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ." Taylor v. Freeman, 34 F.3d 266, 268 (4th Cir. 1994). Pursuant to these standards, the court agrees with the Magistrate Judge that Haggins did not present evidence of irreparable injury sufficient to grant a preliminary injunction.

Haggins' allegations that he was previously maced by Defendants and that the Defendants placed "grits" in his food are insufficient to justify an injunction. "The harm demonstrated by the plaintiff must be neither remote nor speculative, but actual and imminent." Manning, 119 F.3d at 263 (internal quotation marks omitted). Haggins fails to demonstrate that

there is any likelihood of future harm, much less that such harm is actual and imminent. Further, the court agrees with the Magistrate Judge's finding that Haggins has "failed to make a sufficient showing of a likelihood of success on the merits." (Report and Recommendation 5.) Weighing Haggins' allegations, he cannot meet the standard of proof required to issue a preliminary injunction. Therefore, the court adopts Magistrate Judge Rogers' Report and Recommendation and denies Haggins' motion for a preliminary injunction.

It is therefore

**ORDERED** that Haggins' motion for a preliminary injunction, docket number 46, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 20, 2007

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.