IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Terrence T. Haggins, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 4:07-931-HMH-TER |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| NFN Burt, NFN Boyd, ) | |
| Deborah Rowe, Franklin Jones, ) | |
| NFN Fuller, Charles Rodgers, ) | |
| NFN Jenkins, and NFN Williams, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1] Terrence T. Haggins ("Haggins"), a state prisoner proceeding pro se, brought an action under 42 U.S.C. § 1983 alleging various violations to his civil rights. In his Report and Recommendation, Magistrate Judge Rogers recommends granting the Defendants' motion for summary judgment and denying Haggins's motion for summary judgment. In addition, the Magistrate Judge recommends denying Haggins's motions to strike the Defendants' summary judgment and to compel discovery as moot.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Haggins is currently incarcerated at Lieber Correctional Institution. On December 21, 2006, Haggins was placed in lock-up for assaulting Officer Charles Rodgers ("Rodgers") and Sergeant Von Mutius ("Von Mutius"). (Compl. 5.) The incident report states that as he was being served his breakfast, Haggins forced open his door and stated he needed to go to medical. (Defs.' Mem. Supp. Summ. J. Ex. 14 (Incident Report 1).) When the prison officials ordered him to return to his cell, Haggins struck both Rodgers and Von Mutius. (Id.)

Haggins was charged with two counts of assault and battery with intent to kill. (Id. Ex. 14 (Incident Reports 1) & Ex. 15 (Disciplinary Convictions 3-5).) The Defendants state Haggins was notified in writing of the charges on January 2, 2007, and was presented with the two copies of the disciplinary report and hearing records to sign, but he refused. (Id.)

On January 18, 2007, the hearings were held on these charges, and Haggins pled guilty to both charges. (Id. Ex. 15 (Disciplinary Convictions 5).) Haggins was sanctioned with 180 days' loss of canteen and telephone privileges and 360 days of disciplinary detention. (Defs.' Mem. Supp. Summ. J. Ex. 15 (Disciplinary Convictions 5).) Haggins alleges that he filed an appeal on these charges on January 21, 2007. (Compl. 5.)

On January 31, 2007, Haggins filed a Step 1 grievance alleging that he did not receive notice of the hearing. (Defs.' Mem. Supp. Summ. J. Ex. 21 (Grievance Forms 2).) His Step 1 grievance was denied, and on March 7, 2006, Haggins filed a Step 2 grievance, which was denied on June 7, 2007. (Id. Ex. 21 (Grievance Forms 1).)

On February 20, 2007, Haggins alleges that Rodgers was assigned to the unit where Haggins was housed. (Compl. 6.) According to Haggins, Rodgers threatened him by saying,

"you know it's not over." (Id. 7.) Because of this statement, Haggins states that he thought something was in his food, so he threw his food tray to the ground. (Id.) Because of his action, Haggins alleges that he was maced, not allowed to wash the mace out of his eyes, and placed in a restraint chair from 5:00 p.m. until 9:30 p.m. (Id.) In addition, Haggins states that he was not allowed to shower once released and that he was without clothing, a mattress, blankets, and sheets for five days. (Id.)

The Defendants contend that Haggins attacked Rodgers with an ink pen, and that prior to the attack, Haggins threatened Rodgers by saying, "You the motherf-cker that got that assault charge on me? I'm gonna get your ass." (Defs.' Mem. Supp. Summ. J. Ex. 6 (Byron Williams Aff. ¶ 6) & Ex. 7 (Rodgers Aff. ¶ 8).) Accordingly, Haggins was charged with threatening and assaulting Rodgers. (Id. Ex. 4 (Stan Burtt ("Burtt") Aff. ¶ 17).) Haggins alleges that he was notified of these charges on March 2, 2007, but did not have enough time to prepare for the hearing, which was held on March 5, 2007. (Compl. 7.) In addition, he alleges that on March 5 and 14, 2007, he asked to review the tape of the hearing so that he could prepare a grievance regarding it, but that defendant Jenkins did not allow him to review the tape until April 6, 2007, after the time to file a grievance had passed. (Pl.'s Mem. Opp'n Summ. J. 4.)

The assault charge was ultimately dismissed due to an error in one of the reports regarding the cell number where the attack had taken place. Haggins was found guilty of threatening Rodgers and sanctioned with 360 days of disciplinary detention and the loss of 180 days of canteen and telephone privileges. (Defs.' Mem. Supp. Summ. J. Ex. 15 (Burtt Aff. ¶ 18).)

Based on the above facts, Haggins alleges that the Defendants violated his First, Eighth, and Fourteenth Amendment rights through the use of excessive force and the denial of due process in relation to his grievances and his classification hearing. (Compl. 9.) In his Report and Recommendation, Magistrate Judge Rogers recommends granting the Defendants' motion for summary judgment because (1) Haggins failed to exhaust his administrative remedies prior to filing this action; (2) even if true, violations by prison officials of prison grievance procedures or other prison policies and procedures do not give rise to a constitutional claim cognizable under 42 U.S.C. § 1983; (3) Haggins fails to establish any violation of his due process rights with regard to his disciplinary hearings; and (4) Haggins does not have a constitutional right to be held in a certain classification. (Report and Recommendation 8-14.)

## I. OBJECTIONS

Haggins filed objections to the Report and Recommendation. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Haggins's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.

Haggins objects to the Magistrate Judge's finding that he failed to exhaust his administrative remedies. Haggins asserts that because prison officials denied his Step 2

grievance on June 7, 2007, during the course of the instant litigation, his administrative remedies should be considered exhausted, even though they were not at the time he filed his complaint on April 3, 2007.[2] (Objections 7.) However, this argument is without merit. "[A]s the Magistrate Judge properly noted, the court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Cabbagestalk v. Ozmint, No. 9:06-3005-MBS, 2007 WL 2822927, at *1 (D.S.C. Sept. 27, 2007) (unpublished) (citing Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("We also recognize the holdings of many of our sister circuits that permitting exhaustion *pendente lite* undermines the objectives of [42 U.S.C. §] 1997e(a) and that the language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur.")). Therefore, the Defendants are entitled to summary judgment on the ground that Haggins failed to exhaust his administrative remedies. Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Rogers's Report and Recommendation.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 61, is granted. It is further

**ORDERED** that Haggins's motion for summary judgment, docket number 71, is denied. It is further

**ORDERED** that Haggins's motions to strike the defendants' summary judgment motion, docket number 70, and to compel discovery, docket number 78, are denied as moot.

**IT IS SO ORDERED**.

                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
March 12, 2008

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.